# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Dree Ann Cellemme, | 2:16-cv-02539-JAD-CWH |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Granting Motion to Strike Amended Complaint** |
| Jefferson B. Sessions, Attorney General of the United States, U.S. Department of Justice; and Federal Bureau of Investigation, | [ECF Nos. 13, 35] |
| Defendants | |

     Pro se plaintiff Dree Ann Cellemme sues the FBI and the Attorney General of the United States, Jefferson B. Sessions, for sex discrimination under Title VII of the Civil Rights Act and disability discrimination under the Americans with Disabilities Act ("ADA"). Cellemme claims that she was terminated from her job as a special agent because she is a woman and an alcoholic, and that FBI management used her off-duty arrest for public intoxication, resisting arrest, and criminal mischief merely as a pretext to hide their discrimination.

     The Government argues that the FBI is not a proper defendant, and Cellemme does not disagree.[1] So I dismiss Cellemme's claims against the agency. The Government moves to dismiss Cellemme's remaining claims, arguing that: (1) she failed to demonstrate a proper jurisdictional basis and waiver of sovereign immunity for her ADA claim; (2) she failed to plead sufficient facts to substantiate her otherwise conclusory assertions that FBI management discriminated against her based on her sex and her disability; (3) the complaint violates Rule 8 of the Federal Rules of Civil Procedure by failing to provide a short and plain statement of her claim for relief; and (4) Cellemme failed to exhaust administrative remedies for some of her claims. I find that Cellemme's complaint lacks facts to support either a disability-discrimination or sex-based discrimination claim, so I grant the motion in part and give Cellemme leave to

---

[1] ECF No. 19 at 4.

amend her complaint if she can plead true facts to cure the deficiencies in her claims.

## Discussion

### A.     The FBI is not a proper party.

When a plaintiff files a Title VII claim against a federal agency, "the head of the department, agency, or unit, as appropriate, shall be the defendant."[2] Cellemme filed this action against the Attorney General of the United States[3] and the FBI. Because the FBI is the agency, rather than the head of the agency, it is not a proper defendant in this case. Cellemme's claims against the FBI are therefore dismissed.

### B.     I liberally construe Cellemme's disability-discrimination claim as a Rehabilitation Act claim.

Cellemme claims that she suffered gender-based and disability-based discrimination and generally cites Title VII and the ADA as the legal bases for her claims. As Cellemme is a pro se plaintiff, her complaint is, not surprisingly, inartfully drafted, and she did not delineate which statutory provision she bases each theory on. The Government moves to dismiss her disability-discrimination claim because Title VII does not cover disabilities and the ADA does not provide relief to federal employees like Cellemme.[4]

It is true that neither Title VII nor the ADA is a vehicle for Cellemme's disability-discrimination claim. But Cellemme's claim finds footing in the ADA's federal analogue: the Rehabilitation Act, 42 U.S.C. § 791(f). And courts routinely construe federal-employee ADA

---

[2] 42 U.S.C.A. § 2000e-16(c) (2014); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 772 (9th Cir. 1991).

[3] When Cellemme first filed this action, the Attorney General was Loretta Lynch, then Dana Boente served as Acting Attorney General. Jefferson Sessions is the current Attorney General. Accordingly, the defendant's name associated with the position has been automatically changed. *See* Fed. R. Civ. P. 25(d).

[4] ECF No. 13 at 2–3.

2

claims as Rehabilitation Act claims.[5] Like those courts, I liberally construe Cellemme's disability-discrimination claim as a Rehabilitation Act claim.

**C. Cellemme has failed to state a plausible claim for disability- or gender-based discrimination.**

The Government next contends that plaintiff has failed to plead the facts necessary to state plausible claims for disability- and sex-based discrimination. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

While a plaintiff is not required to plead detailed factual allegations, she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[8] "Factual allegations must be enough to raise a right to relief above the speculative level."[9] In other words, because Cellemme brings claims for sex and disability discrimination, she must

---

[5] *See Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 12 (1st Cir. 2004) (construing federal-employee claim under the ADA as a Rehabilitation Act claim "since the ADA is not available to federal employees," and noting that "The same standards, however, apply to claims under the ADA and under the Rehabilitation Act."); *Brown v. Paulson*, 541 F. Supp. 2d 379, 382 (D.D.C. 2008) (internal citations omitted) ("Although plaintiff invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., that Act does not apply to federal defendants. The court therefore has construed this claim as brought under the ADA's federal analogue, the Rehabilitation Act.").

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Id.* (citing *Twombly*, 550 U.S. at 556).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). In considering this motion to dismiss for failure to state a claim, I accept all of the well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 977 (9th Cir. 2007).

[9] *Twombly*, 550 U.S. at 555.

plead true facts to *show* and *describe* the discrimination that she experienced.

### 1. *Sex-based discrimination in violation of Title VII*

Title VII prohibits an employer from discriminating against any individual on the basis of her sex.[10] To survive dismissal, Cellemme must plead facts that show: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."[11] If Cellemme makes out a prima facie case, the burden shifts to the Government to articulate a legitimate, nondiscriminatory reason for its actions.[12] If the Government does so, then Cellemme must show that the Government's proffered reasons were "a mere pretext for unlawful discrimination."[13]

Cellemme has not pled a prima facie Title VII claim because she lacks facts to show that the fourth element is met. Her complaint lacks facts that show that male employees were treated more favorably than her, or that other circumstances surrounding her termination give rise to an inference of discrimination. Although Cellemme mentions male "comparators" and concludes that they were treated differently, she offers no facts to reveal who those men are, how they are similarly situated to her, and what more-favorable treatment they received.

Even if I assume for the sake of argument that Cellemme has pled a prima facie claim, I still must dismiss. The Government has demonstrated a legitimate, non-discriminatory reason for firing Cellemme: the agency could not trust her to perform her job effectively. But Cellemme has not demonstrated that this nondiscriminatory reason is a pretext to hide discriminatory intent.

---

[10] 42 U.S.C. § 2000e-2(a)(1) (2012).

[11] *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quotation omitted).

[12] *Id*. at 1155.

[13] *Id*.

4

Cellemme may show discriminatory intent through direct or circumstantial evidence.[14] For example, she could identify a statement from management suggesting that her gender factored into her termination. Or she could show "that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable."[15]

But Cellemme has pled no fact to show that the FBI's stated reasons for terminating her were mere pretext. To fill this void, Cellemme requests that I take judicial notice of the Decision of Liability prepared by an Administrative Judge.[16] But, as the Government correctly notes, I may take judicial notice of the *existence* of the Decision of Liability, but I cannot take judicial notice of the findings of fact inside it.[17] It is not enough for Cellemme to simply allege that she "was the subjected to [sic] disparate treatment by her managers at the FBI, as the overwhelming majority of male comparators were not terminated."[18] She must describe those men in a way that allows me to infer from those facts that they were similarly situated but treated differently. Because she has not done so, I grant the motion to dismiss Cellemme's Title VII claim.

### 2. *Disability-based discrimination in violation of the Rehabilitation Act*

Congress incorporated the ADA into the Rehabilitation Act and applied it to federal employers.[19] Because ADA and Rehabilitation Act claims are identical in their requirements, I construe Cellemme's ADA claim as if it were a Rehabilitation Act claim. "Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the

---

[14] *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003).

[15] *Id.* (quotation omitted) (emphasis added).

[16] ECF No. 19 at 2–3.

[17] *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (overruled on other grounds).

[18] ECF No. 1 ¶ 55.

[19] U.S.C.A. § 791(f) (2014).

basis of disability."[20] To adequately plead her disability-discrimination claim, Cellemme must plead facts that allow for the inferences that:

> (1) [she] is an individual with a disability; (2) [she] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) [she] was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was *by reason* of the [her] disability.[21]

Cellemme's complaint is devoid of facts that show that she was terminated because of her disability. It is not enough to allege that Cellemme "was treated more harshly than comparators who did not claim a disability"[22] because this is a conclusion, not a fact. As with her sex-discrimination claim, Cellemme needs to include in her complaint specific information about the comparators, their circumstances, and the FBI's treatment of them in a way that permits the inference that she was treated more harshly because of discrimination. I therefore grant the motion to dismiss this claim, too.

**D.  Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave [to amend a complaint] when justice so requires."[23] The Ninth Circuit's amendment policy is generous, particularly to pro se plaintiffs. It requires a district court to grant leave to amend "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[24]

---

[20] 42 U.S.C. § 12132 (2012); *Thompson v. Davis*, 295 F.3d 890, 895 (2002).

[21] *Thompson*, 295 F.3d at 895 (emphasis added); *see also Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

[22] ECF No. 1 ¶ 55.

[23] Fed. R. Civ. P. 15(a).

[24] *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Because I am not yet convinced that Cellemme can plead no set of facts that would entitle her to relief, I grant her leave to file an amended complaint to cure the deficiencies described in section C of this order if she can plead truthful facts to do so. If Cellemme chooses to file an amended complaint, she is instructed that:

- An amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.[25] This means that the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit, unless specifically dismissed with prejudice in this Order.
- Cellemme must separate out her various causes of action (example: First Cause of Action—Sex Discrimination in Violation of Title VII), and she must include within that cause of action all of the facts to support each element of it.[26]
- Cellemme must refer to the Rehabilitation Act, not the ADA, for her disability-discrimination claim.
- Cellemme **must file her amended complaint by September 18, 2017.**
- If Cellemme does not file an amended complaint or if she fails to file it by this court-ordered deadline, this case will be closed without further notice.

### E. Cellemme exhausted her administrative remedies for the claims she pleads.

The Government also raises concerns that Cellemme may try to revive claims that have not been preserved because she filed this case to pursue just two of several grounds raised in her EEOC charge. Cellemme appealed her termination to the FBI's Disciplinary Review Board ("DBR"), and then she appealed the DBR's decision to the Equal Employment Opportunity

---

[25] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended complaint supersedes the original").

[26] *See* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs" and "each claim . . . must be stated in a separate count").

Commission ("EEOC") before bringing this action.[27] Although she raised multiple grounds for her dispute before the agencies, she abandoned several of them when she got to the litigation phase.[28] When she filed her complaint, she carried forward only two theories: she was terminated based on (1) sex and (2) disability discrimination.[29]

Although the Government seems to recognize the narrowness of Cellemme's claims,[30] it seems wary that other claims are hiding inside the alleged facts.[31] The Government's worry is premature because Cellemme brings only two discrimination-based claims for which she exhausted her administrative remedies. She may continue to pursue those two claims if she can plead facts to support them. I will not preemptively dismiss unknown claims that have not been pled and may have not been exhausted.

**F.      Cellemme's unauthorized amended complaint**

Finally, the Government moves to strike the amended complaint that Cellemme filed while this motion to dismiss was still pending.[32] The Federal Rules of Civil Procedure set two specific deadlines to allow a party to amend its pleading without requesting permission. First, a party may amend a pleading "21 days after serving it."[33] Second, a party may amend a pleading "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

---

[27] ECF No. 1 ¶¶ 39–40. *See also* ECF No. 20-1 at 13 (EEOC Decision on Liability at 12).

[28] ECF No. 1 ¶ 56.

[29] ECF No. 1.

[30] ECF No. 13 at 7 ("Plaintiff appears to pursue *only one* of those four EEOC claims—the claim that she was terminated because of her sex and disability . . . .").

[31] ECF No. 13 at 7 n.2 ("It is unclear what Plaintiff's other claims might be because . . . the factual grounds for her sex and disability discrimination claims remain unclear.").

[32] ECF No. 35.

[33] Fed. R. Civ. P. 15(a)(1)(A).

8

is earlier."[34]

Cellemme filed her complaint on November 2, 2016,[35] and the Government responded with its motion to dismiss on February 2, 2017.[36] While that motion to dismiss was still pending, a revised stipulated discovery plan and scheduling order was issued on May 4, 2017, giving the parties until August 7, 2017, to file *motions* to amend their pleadings.[37] Cellemme did not file a motion to amend, and she did not receive the Government's written consent to amend her complaint, but she nevertheless filed an amended complaint on August 7, 2017.[38]

Because the deadlines for amendments had already passed, Cellemme could file an amended complaint only with leave of court or written consent from the Government. Because she had neither, her amended complaint is unauthorized, and I grant the motion to strike it.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss **[ECF No. 13]** and Motion to Strike **[ECF No. 35] are GRANTED.**

IT IS FURTHER ORDERED that Cellemme is granted **leave to file an amended complaint by September 18, 2017** if she can cure the deficiencies in this order. If Cellemme does not file a timely amended complaint, this case will be closed.

DATED: August 29, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[34] Fed. R. Civ. P. 15(a)(1)(B).

[35] ECF No. 1.

[36] ECF No. 13.

[37] ECF No. 32.

[38] ECF No. 34.