**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DREE ANN CELLEMME, | Case No. 2:16-cv-02539-JAD-CWH |
| Plaintiff, | |
| v. | |
| JEFFERSON B. SESSIONS III, et al., | **ORDER** |
| Defendants. | |

Presently before the Court is Defendant's motion to stay (ECF No. 57), filed on November 17, 2017. Plaintiff filed a response (ECF No. 57) on December 1, 2017, and Defendant filed a reply on December 8, 2017.

Defendant moves to stay all pre-trial proceedings pending the Court's decision on its motion to dismiss (ECF No. 48), arguing that a stay is appropriate since the pending motion to dismiss would be dispositive of all claims in this case, requires no further discovery, and is likely to be granted. Plaintiff opposes the motion, suggesting that she believes some of her claims may survive the motion to dismiss and that she has requested leave to amend her complaint should it be dismissed.

It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In determining whether to stay discovery pending resolution of a dispositive motion, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In order to determine if a stay is appropriate, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Further, "a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay LLC V.*

1

*eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Courts considering stays in this district have found that meeting this standard is a "heavy burden" *id.*, and not easily met (*Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013)). The default assumption is that discovery should go forward while a dispositive motion is pending. "Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

To determine whether a stay of a potentially dispositive motion is appropriate, courts in this district take a "preliminary peek" at the motion. *See Tradebay*, 278 F.R.D. 602-603. This inquiry is not meant to prejudge the motion, but rather to determine whether a stay would help to secure the "just, speedy, and inexpensive determination" of the action as required by Rule 1 of the Federal Rules of Civil Procedure. *Id.*

Here, Defendant argues that Plaintiff's second amended complaint fails to correct the deficiencies noted by this Court when it dismissed Plaintiff's first amended complaint. Plaintiff does not address this argument in her response to the instant motion, rather she asserts that Defendants did not comply with her discovery requests, without specifying how such discovery would alter the Court's analysis.

In its order granting Defendant's first motion to dismiss (ECF No. 40), the Court noted that Plaintiff had failed to allege facts to support her sex-based discrimination claim, including that male employees were treated more favorably than her, or that the legitimate, non-discriminatory reason offered to explain her termination was pretextual. As for the disability-based discrimination claim, the Court noted that Plaintiff failed to allege facts that would show she was terminated because of her disability. The Court explained that it was not enough for Plaintiff to allege that she was treated more harshly than comparators who did not claim a disability, because this constitutes a legal conclusion, not a fact. The Court further explained that Plaintiff would have to provide specific information about the comparators, their circumstances, and the FBI's treatment of them in a way that permits the inference that she was treated more harshly because of discrimination.

Defendant argues that Plaintiff's amended complaint has not meaningfully addressed these issues, so its renewed motion to dismiss will likely be granted. Plaintiff provides no relevant

argument to the contrary.  Neither party suggests that the pending motion to dismiss would not be dispositive of the entire case, or that further discovery is necessary for the Court to render a decision. After a preliminary peek at Defendant's motion to dismiss, the Court is convinced that it will be granted.  This finding does not constitute a judgment on the motion to dismiss, which will be fully considered in a separate order.

IT IS THEREFORE ORDERED that Defendant's motion to stay (ECF No. 57) is GRANTED.  Discovery in this matter is STAYED until the Court announces a decision on Defendant's motion to dismiss (ECF No. 48).

IT IS FURTHER ORDERED that Defendant's pending motion to quash (ECF No. 39) is DENIED without prejudice to its reassertion, should further discovery in this matter be necessary.

DATED: December 13, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge