# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Dree Ann Cellemme,<br><br>    Plaintiff<br><br>v.<br><br>Jefferson B. Sessions III, Attorney General of the United States; et al.,<br><br>    Defendants | Case No.: 2:16-cv-02539-JAD-CWH<br><br>**Order Denying Motion to Dismiss**<br><br>[ECF No. 48] |

Pro se plaintiff Dree Ann Cellemme sues the Attorney General of the United States, Jefferson B. Sessions, as the official head of the Federal Bureau of Investigations (FBI), for gender discrimination under Title VII of the Civil Rights Act and disability discrimination under the Rehabilitation Act.[1] Cellemme claims that she was terminated from her job as a special agent because she is a woman and an alcoholic, and that FBI management used her off-duty arrest for public intoxication, resisting arrest, and criminal mischief merely as a pretext to hide their discrimination.

I previously granted the government's motion to dismiss Cellemme's complaint because she had not alleged enough facts to show that she was treated differently than similarly situated males or similarly situated special agents who didn't claim a disability (like alcoholism).[2] Although Cellemme mentioned a set of male comparators who were treated more favorably than her, I found that she offered no facts to reveal who those men are, how they were similarly situated to her, and what more-favorable treatment they received, and I gave Cellemme leave to amend her complaint if she could plead those facts.

Cellemme amended, and she has included a chart of 22 male, special-agent comparators that details their infractions, what punishment they received, whether the punishment was

---

[1] ECF No. 43.

[2] ECF No. 40.

1

mitigated or aggravated by various factors, and their security status.[3]  The Government moves to dismiss Cellemme's second-amended complaint, arguing that she still has not alleged facts that show that she was terminated because of her gender or disability.[4]  The government adds that, even if she could, she also hasn't alleged that the FBI's legitimate, non-discriminatory reasons for terminating her were merely pretext to hide their discriminatory intent.[5]  I find that Cellemme's second-amended complaint sufficiently states gender- and disability-discrimination claims.  So I deny the government's motion and allow Cellemme to proceed with her case.

**Discussion**

**A.  Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[6]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[7]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[8]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[9]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption

---

[3] ECF No. 43-1.  Cellemme includes this chart as an attachment to her second-amended complaint and fully incorporates it by reference.

[4] ECF No. 48.

[5] *Id.*

[6] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[7] *Twombly*, 550 U.S. at 570.

[8] *Iqbal*, 556 U.S. at 678.

[9] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

of truth.[10]  Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[11]  Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[12]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[13]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[14]

**B.    Cellemme's discrimination claims are adequately pled.**

  *1. Pleading a gender-discrimination claim*

   Title VII prohibits an employer from discriminating against any individual on the basis of her sex.[15]  To survive dismissal, Cellemme must plead facts that show: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination."[16]  If Cellemme makes out a prima facie case, the burden shifts to the Government to articulate a legitimate, nondiscriminatory reason for its actions.[17]  If the Government does so, then Cellemme must

---

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *Id.*

[12] *Id.* at 679.

[13] *Id.*

[14] *Twombly*, 550 U.S. at 570.

[15] 42 U.S.C. § 2000e-2(a)(1) (2012).

[16] *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quotation omitted).

[17] *Id.* at 1155.

show that the Government's proffered reasons were "a mere pretext for unlawful discrimination."[18]

### 2. *Pleading a disability-discrimination claim*

Congress incorporated the Americans with Disabilities Act (ADA) into the Rehabilitation Act and applied it to federal employers,[19] so a disability-discrimination claim under the Rehabilitation Act is effectively the same as one under the ADA. "Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability."[20] To adequately plead her disability-discrimination claim, Cellemme must plead facts that allow for the inferences that:

> (1) [she] is an individual with a disability; (2) [she] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) [she] was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was *by reason* of [her] disability.[21]

A disability-discrimination claim also follows the same burden-shifting framework as a gender-discrimination claim. If Cellemme pleads a prima facie case, then the burden shifts to the government to show that it had legitimate, non-discriminatory reasons for terminating her.[22] And if the government does so, Cellemme must allege (and later prove) that the government's stated reasons were mere pretext for discrimination.[23]

---

[18] *Id.*

[19] 29 U.S.C. § 791(f).

[20] 42 U.S.C. § 12132 (2012); *Thompson v. Davis*, 295 F.3d 890, 895 (2002).

[21] *Thompson*, 295 F.3d at 895 (emphasis added); *see also Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

[22] *Raytheon Co. v. Hernandez*, 540 U.S. 44, 50–51 (2003).

[23] *Id.* at 51.

### 3. *Both of Cellemme's claims are adequately pled.*

Cellemme's first-amended complaint, was missing facts that showed that she was treated differently than other special agents because of her gender and disability.[24] This time around, Cellemme attached an extensive chart with information about 22 male FBI special agents she alleges were disciplined for alcohol-related offenses.[25] Cellemme alleges that these agents received better disciplinary treatment than she did because they were male or claimed no disability. The government argues that, even with these new allegations, Cellemme still fails to show that these men are similarly situated and treated more favorably on the basis of their gender and disability status.

First, I find that Cellemme has adequately alleged that the male comparators are similarly situated. The government argues that Cellemme has not shown that these comparators worked for the FBI as long as she did, what their job responsibilities were, who their supervisors were, what their discipline history was, or the disciplinary standards that were applied to them.[26] Cellemme responds that these men were classified as "1811 Special Agent employees and subject to the same code of conduct as [her]," they "all had at least one alcohol related offense[,] which occurred close in time to [her] offenses," and most of them were even disciplined by her same supervisor.[27] I find that a reasonable jury could infer from these factors that Cellemme was similarly situated to these men.

Second, I conclude that the information contained in Cellemme's exhibit allows for the inferences that she was treated differently either on the basis of her gender or disability and that the FBI's stated reasons are merely pretext for discrimination. As Cellemme points out, the exhibit allows for the inference that she was treated more harshly than these men—many of whom did not claim a disability, who received shorter suspensions than she did for similar or

---

[24] ECF No. 40.

[25] ECF No. 43-1.

[26] ECF No. 48.

[27] ECF No. 52 at 9–10.

more egregious conduct.[28]  This disparity in treatment between her and the alleged 22 comparators also allows for an inference of pretext because the sheer numbers allow a reasonable jury to discredit the FBI's stated reasons for firing her.  So, I find that Cellemme has adequately alleged her gender- and disability-discrimination claims, and I deny the government's motion.

## C.  Other matters

The government raises three other arguments in its dismissal motion: (1) Cellemme failed to exhaust her gender-discrimination claim when she received 60- and 15-day suspensions; (2) the FBI is not a proper defendant; and (3) Cellemme, as a pro se plaintiff, is precluded from seeking attorney's fees.  These arguments are either moot or meritless.

First, Cellemme alleges that she did exhaust her gender-discrimination claim regarding her 60- and 15-day suspensions.[29]  But the Equal Employment Opportunity Commission (EEOC) deemed the 60-day suspension a "preliminary step to taking a personnel action" and declined to investigate it, then considered it a moot issue when it was later reduced to a 15-day suspension.[30] So, I find that Cellemme has adequately alleged that she exhausted these allegedly discriminatory suspensions.

Second, I held in my previous dismissal order that the FBI was not a proper defendant and ordered that it be dismissed from this case.[31]  The docket indicates that it was terminated as a defendant on August 7, 2017.[32]  And Cellemme's second-amended complaint identifies only herself and the Attorney General of the United States as the parties to this case.  The government's concern about the FBI being a defendant is moot.

Third, Cellemme is not asking for attorney's fees to pay herself.  She requests that she be awarded "the costs of bring [sic] and maintaining this action and the administrative charges that

---

[28] ECF No. 52 at 5.

[29] *Id.* at 12.

[30] *Id.*

[31] ECF No. 40.

[32] *See generally* docket report.

preceded it, including reasonable attorneys' fees . . . ."[33]  Although this request is slightly ambiguous, Cellemme clarifies that she isn't seeking fees for herself, but for consulting with an attorney in connection with her EEOC claim.[34]  These are fees that Cellemme may potentially recover.[35]  So, I deny the government's request that I preclude Cellemme from seeking attorney's fees.  She may seek them to the extent that she consulted with—and paid—attorneys in connection with this case or her administrative case, but she may not seek them to compensate herself.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the government's motion to dismiss **[ECF No. 48] is DENIED.**

This case is referred to the *Pro Bono* Program adopted in General Order 2016–02 for the purpose of screening for financial eligibility and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff Dree Ann Cellemme.  The scope of appointment will be for all purposes through the conclusion of trial.  By referring this case to the *Pro Bono* Program, I am not expressing an opinion on the merits of the case.  Accordingly,

IT IS FURTHER ORDERED that this case is **referred to the *Pro Bono* Program** for appointment of counsel for the purposes identified in this order.  The **Clerk of Court** is directed to **forward a copy of this order to the Pro Bono Liaison.**

Dated: August 22, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[33] ECF No. 43 at 12.

[34] ECF No. 52 at 14.

[35] *See Jefferson v. City of Fremont*, 2012 WL 1534913, at *8 (N.D. Cal. April 30, 2012) (citing *Blazy v. Tenet*, 194 F.3d 90, 94 (D.C. Cir. 1999); *Johnson v. Barlow*, 2007 WL 1723617, at *5 (E.D. Cal. June 11, 2007) (citing *Blazy*, 194 F.3d at 94); *Johnson v. Constancio Cu, Jr.*, 2005 WL 1983899, at *4 (E.D. Cal. Aug. 16, 2005) (citing *Blazy*, 194 F.3d at 94).