NICHOLAS A. TRUTANICH
United States Attorney

HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
400 South Virginia Street, Suite 900
Reno, NV 89501
Tel: (775) 784-5438
Fax: (775) 784-5181
Holly.A.Vance@usdoj.gov

Attorneys for Defendant William Barr

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DREE ANN CELLEMME,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BARR, U.S. Attorney General,<br><br>Defendant. | Case No. 2:16-cv-02539-JAD-DJA<br><br>**Order Granting**<br><br>**JOINT MOTION TO STAY CASE UNTIL FBI RESUMES DISCOVERY OPERATIONS**<br><br>ECF No. 77 |

Defendant William Barr ("Defendant") and Plaintiff Dree Ann Cellemme ("Plaintiff") hereby stipulate to, and jointly move for, an order staying the case until discovery operations resume at the Federal Bureau of Investigation ("FBI"). The FBI is currently unable to process discovery requests because staff who process such requests are on administrative leave due to the spread of the COVID-19 virus. This motion is supported by the case law cited herein and the attached declarations.

**PLAINTIFF'S CLAIMS**

Plaintiff has filed suit under Title VII of the Civil Rights Act and the Rehabilitation Act. (ECF No. 43, at ¶¶ 41-87). She asserts claims for gender and disability discrimination based on

various personnel actions taken by the FBI, including discharging her from her employment with the agency. (*Id.*).

## DISCOVERY

The parties have engaged in written discovery in the case, including providing initial and supplemental disclosures, requesting and producing thousands of pages of documents, and propounding and responding to discovery requests. (Vance Decl. ¶ 3). Recently, the parties submitted, and responded to, an additional round of discovery requests. (*Id.* ¶ 4). On April 8, 2020, the parties met and conferred to discuss responses to those requests that each party believed warranted the submission of additional information. (*Id.*).

After that meet-and-confer conference, defense counsel contacted FBI counsel regarding Plaintiff's requests for additional information. (*Id.* ¶ 5). FBI counsel advised at that time that the agency was unable to process discovery requests because all staff within the agency's Discovery Management Section ("DMS") are on administrative leave due to the COVID-19 crisis. (*Id.* ¶ 5; Wiegand Decl. ¶ 15). Without the assistance of DMS staff, the FBI is unable to process discovery requests. (Wiegand Decl. ¶ 16).

Once the meet-and-confer issues are resolved, the parties plan to depose key witnesses in the case. (Vance Decl. ¶ 6). Those depositions cannot proceed, however, until the parties receive all documents to which they are entitled under the discovery rules. (*Id.*).

## DEFENSE COUNSEL'S UNAVAILABILITY

On April 9, 2020, defense counsel learned that her father entered into hospice care at a nursing home in Manchester, New Hampshire. (Vance Decl. ¶ 7). Defense counsel is exploring the possibility of flying to New Hampshire. (*Id.*). It is unclear at this time, however, whether defense counsel may enter the nursing home to visit her father due to the COVID-19 crisis. (*Id.*).

If counsel is unable to see her father, she nonetheless plans to take time off due to her father's deteriorating condition. (*Id.*).

## ARGUMENT

**A.     Good cause exists to stay the proceedings because the FBI is currently unable to process discovery requests.**

A district court has broad discretion to stay proceedings incidental to its power to control its own docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants"). A district court may stay proceedings where the moving party demonstrates good cause. *Libutan v. MGM Grand Hotel LLC*, 2020 WL 1434440, at *2 (D. Nev. Mar. 24, 2020).

Here, good cause warrants a stay of the proceedings. The FBI is currently unable to process discovery requests due to the COVID-19 crisis. Moreover, defense counsel will be out of the office, and possibly in New Hampshire, due to her father's recent placement in hospice care. Under the circumstances, a stay of the proceedings is appropriate. *See Libutan*, 2020 WL 1434440, at *2 (extenuating circumstances caused by the COVID-19 virus establish good cause to stay the proceedings); *Garbutt v. Ocwen Loan Servicing, LLC*, 2020 WL 1476159, at *2 (M.D. Fla. Mar. 26, 2020) (finding good cause exists to stay the proceedings "based on the disruption to business caused by the spread of COVID-19").[1]

/ / /

/ / /

---

[1] In the event the Court grants the stay, the parties plan to issue a revised discovery plan after the DMS resumes operations. The revised discovery plan will provide dates for the remaining deadlines in the case: discovery cut-off, dispositive motions and a joint pre-trial order.

## CONCLUSION

For the reasons argued above, a stay of the proceedings is warranted.

Respectfully submitted this 17th day of April, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

s/ *Holly A. Vance*　　　　　　　　　　s/ *Dylan T. Cicliano*
HOLLY A. VANCE　　　　　　　　　　　DYLAN T. CICILIANO
Assistant United States Attorney　　　　Counsel for Plaintiff

## ORDER

IT APPEARS that a stay is warranted for the reasons stated in this motion. Accordingly, IT IS HEREBY ORDERED that the Joint Motion to Stay **[ECF No. 77] is GRANTED.  This case is STAYED** for all purposes until discovery operations at the FBI reopen.  The FBI must file a motion to lift stay within five days of discovery operations resuming.

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 4-20-2020

4